IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER A. GILLESPIE,

        **Plaintiff,**

       v.                     CASE NO. 13-3014-SAC

**LISA McGEE,**

        **Defendant.**

### O R D E R

This pro se civil complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate currently confined at the Sedgwick County Jail in Wichita, Kansas. Plaintiff is required to pay an initial partial filing fee, cure other deficiencies in this complaint, and to show cause why this complaint should not be dismissed for failure to state a claim.

### INITIAL PARTIAL FILING FEE ASSESSED

The statutory fee for filing a civil rights action in federal court is $350.00. Plaintiff has filed a motion to Proceed without Prepayment of Fees (Doc. 2), and has attached an Inmate Account Statement in support as statutorily mandated. Under 28 U.S.C. § 1915(b)(1), being granted such leave does not relieve an inmate of the obligation to pay the full filing fee. Instead, it merely entitles him to proceed without prepayment of

1

the full fee, and to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Furthermore, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account during the relevant time was $93.65, and the average monthly balance was $26.15. The court therefore assesses an initial partial filing fee of $18.50, twenty percent of the average monthly deposit, rounded to the lower half dollar. Plaintiff is required to pay the statutory fees for each action that he files in this court. Plaintiff must pay the initial partial filing fee assessed in this action before it may proceed further, and will be given time to submit the fee to the court. His failure to submit the initial fee in the time allotted may result in dismissal of this action without further notice.

**COMPLAINT NOT ENTIRELY LEGIBLE**

This complaint was submitted by plaintiff through the court's electronic filing system, and parts of it are not

2

legible. Plaintiff is required to file a legible complaint upon court-approved forms. He is warned that if he fails to comply within the time specified by the court, this action may be dismissed without further notice.

**FAILURE TO STATE A CLAIM**

Because Mr. Gillespie is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).

It appears from the portions of the complaint that can be read, that Mr. Gillespie is attempting to sue a private citizen who was the victim of the state crime of which he was convicted that involved the use of her credit card. He alleges that this victim made a false claim. Plaintiff alleges no facts to show that this private citizen was "acting under color of state law."

3

Accordingly, plaintiff is required to show cause why this action should not be dismissed for failure to state a claim. If he fails to show such cause within the time specified by the court, this action may be dismissed without further notice.

**MOTION TO APPOINT COUNSEL**

The court has considered plaintiff's Motion to Appoint Counsel (Doc. 3) and finds it should be denied. There is no right to assistance of counsel in a civil rights lawsuit, and it appears that this action has no merit.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $18.50. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff is required to show cause why this action should not be dismissed for failure to state a federal constitutional claim.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Doc. 3) is denied.

**IT IS SO ORDERED.**

Dated this 20th day of February, 2013, at Topeka, Kansas.


                                    s/Sam A. Crow
                                    U. S. Senior District Judge